■ In the Matter of the Claim of ANNA CASSON, Respondent, v. A. C. HORN CO., DIVISION OF SUN CHEMICAL CORP., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the Workmen's Compensation Board awarding death benefits. On January 30, 1952 the decedent was severely burned about the face, chest and arms as a result of the spontaneous ignition of paint containing zylol and synthetic resins. He was hospitalized for approximately six weeks and thereafter remained under regular medical care until 1960 when he developed an infection of the right lung. His subsequent death in January, 1964 was revealed by an autopsy as due to squamous cell carcinoma of the right upper lobe bronchus. The appellants contend that there is no relation between the accident and the eventual

death as there were no immediate symptoms of cough, congestion or lung trouble after the accident. There was a medical dispute as to the issue. The carrier's experts testified that if the decedent had inhaled a damaging amount of fumes, there would have been immediate symptoms. It should be noted that there was testimony that the decedent at the time of the accident "was on fire for at least 1 minute" and the fire being in and about his face, it is readily inferable that at that time he inhaled the vapors which resulted from the explosion and fire. The medical testimony of the claimant established causal relationship between the exposure as a result of the accident and the resulting death from carcinoma of the lung. Dr. Kaufman stated: "There is evidence of a single extensive exposure of an irritant. This irritant is in the nature of the hydrocarbons and in the nature of resins and tars which are definitely carcinogenic. There is evidence based upon considerable investigation that a single exposure to an inhalant or to a specific incident can produce carcinoma of the lung", and such was the present circumstance. Dr. Jones reported death due to carcinoma of the right lung caused "directly" by the accident by "Inhalation of fumes and gases during fire" and who testified to the same effect, that is, that claimant's "terminal illness had a direct relationship to his original injury in '52". The board accepted this testimony and found causal relation and we find that the medical testimony has a reasonable basis in fact and is substantial. Decision affirmed, with costs to the Workmen's Compensation Board . Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.